IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Jason Franks, | ) | C/A No. 6:24-cv-03232-JDA-KFM |
| Plaintiff, | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| Mark A. Jones, | ) | |
| Defendant. | ) | |

The plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

## PROCEDURAL HISTORY

The plaintiff, a state prisoner, filed this action seeking damages and injunctive relief pursuant to 42 U.S.C. § 1983 (doc. 1). In signing the complaint, the plaintiff acknowledged that he was responsible for notifying the clerk in writing of any change of address and that failure to keep his address updated with the court may lead to dismissal of the case (*id*. at 14). On June 7, 2024, the undersigned issued an order informing the plaintiff that his case was not in proper form for service and instructing him to provide certain documents to bring his case into proper form (doc. 8). The order warned the plaintiff that failure to submit the necessary documents in the time provided in the order may result in dismissal of this action for failure to prosecute and failure to comply with an order of this court (*id*. at 1). The order also reminded the plaintiff to notify the clerk in writing of any change of address and warned that failure to keep his address updated with the Court may

lead to dismissal of the case (*id*. at 2). The plaintiff responded to the order, but did not complete the Form USM 285 correctly, so on July 2, 2024, a second proper form order was issued giving the plaintiff an opportunity to bring his case into proper form (doc. 13). The order warned the plaintiff for a second time that his failure to comply with the order and submit the necessary proper form documents within the time permitted in the order may result in dismissal of this action for failure to prosecute and failure to comply with an order of this court (*id*. at 2). The order also reminded the plaintiff a second time to notify the clerk in writing of any change of address and warned that failure to keep his address updated with the court may lead to dismissal of the case (*id*. at 2–3). The plaintiff responded to the second proper form order, but still did not complete the Form USM 285 correctly, so on July 19, 2024, a third and final proper form order was issued giving the plaintiff one final opportunity to bring his case into proper form (doc. 20). The order warned the plaintiff that failing to comply with the order and submit the necessary proper form documents within the time permitted in the order may result in dismissal of this action for failure to prosecute and failure to comply with an order of this court (*id*. at 1). The order reminded the plaintiff for a third time to notify the clerk in writing of any change of address and warned that failure to keep his address updated with the court may lead to dismissal of the case (*id*. at 2). The plaintiff did not respond to the third and final proper form order and the time for response has lapsed; thus, his case is not in proper form for service at this time.

## **ALLEGATIONS**

This is a § 1983 action filed by the plaintiff, a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC") (doc. 1). The plaintiff alleges violations of his Eighth Amendment rights based on denied medical care (*id*. at 4). The plaintiff alleges that the defendant, a doctor with Prisma-Palmetto Health in Richland, South Carolina, denied him medical care in 2017 (*id*. at 5, 6–7). The plaintiff contends that he needed surgery to remove an anchor bolt in his abdomen and the defendant denied him

that surgery, which has caused him unspecified injuries and pain (*id*.).  The plaintiff contends that the anchor bolt in his abdomen was due to his "self injurious behavior" and that the defendant wouldn't remove it so the plaintiff could "learn to live with the consequences" of his actions (*id*. at 6–7).  The plaintiff contends that SCDC has provided various treatments for the anchor bolt, but has not sent him for surgery (*id*. at 7).  The plaintiff's injuries include pain when using the restroom (*id*. at 6–7).  For relief, the plaintiff seeks money damages and an order forcing SCDC to send him for surgery to remove the anchor bolt (*id*. at 7).

## **STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## **DISCUSSION**

As noted above, the plaintiff filed the instant action pursuant to § 1983, seeking damages and injunctive relief. However, as set forth in more detail below, the instant action is subject to summary dismissal.

**Rule 41**

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id*. at 630. In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

4

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendants caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

Here, the factors weigh in favor of dismissal. With respect to factors (1) and (3), as noted, despite multiple opportunities, the plaintiff has failed to bring his case into proper form. For example, despite being provided instructions on how to complete a proposed summons and Form USM 285 to allow the United States Marshals Service to effectuate service on the defendant (if authorized), the plaintiff ignored those instructions on three occasions and did not submit a signed Form USM 285 for the defendant. In doing so, the plaintiff failed to comply with the court's orders of June 7, 2024, July 2, 2024, and July 19, 2024 (docs. 8; 13; 20). Each order warned the plaintiff of the consequences of failing to comply with the orders' instructions, including the dismissal of his case pursuant to Fed. R. Civ. P. 41(b) (docs. 8 at 1; 13 at 2; 20 at 1). Despite these warnings, the plaintiff has not provided the court with the required documentation. Accordingly, as the plaintiff has failed to comply with the court's orders and has been previously warned that such failures could result in dismissal, it appears that less drastic sanctions would not be appropriate. As such, the undersigned recommends that the instant action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with orders of the court.

**Failure to State a Claim**

In addition to the foregoing, even if the plaintiff had brought his case into proper form, the matter would still be subject to summary dismissal for failure to state a claim.

### *Time-Barred*

As an initial matter, the plaintiff's complaint appears time-barred as he sues regarding denied medical care in 2017 (*see* doc. 1 at 5, 6–7). Although the statute of limitations is an affirmative defense, the court may *sua sponte* dismiss a complaint at the initial screening stage on that basis if it appears on the face of the complaint that the action is time-barred. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (4th Cir. 2006) (published) (recognizing that the court can *sua sponte* consider statute of limitations in cases filed *in forma pauperis* pursuant to 28 U.S.C. § 1915 when the expiration of the statute of limitations is plain on the face of the complaint). As such, because the plaintiff is proceeding *in forma pauperis* the court will *sua sponte* consider whether the instant matter is time-barred.

While a statute of limitations is not contained within the text of § 1983, the Supreme Court has determined that a state's general statute of limitations for personal injury claims applies, even if the state has different statutes of limitation for intentional torts. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (noting that "we accordingly hold that where state law provides multiple statutes of limitation for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions"). South Carolina law allows three years for a plaintiff to bring a personal injury action. S.C. Code § 15-3-530(5). Therefore, the statute of limitations for § 1983 claims arising in South Carolina is three years, regardless of the underlying allegations. *See Hamilton v. Middleton*, C/A No. 4:02-cv-01952-23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003). Accrual of a cause of action, however, is a question of federal law (despite the

borrowing of the statute of limitations from the applicable state law). *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id*. (citing *United States v. Kubrick*, 444 U.S. 111, 122–24 (1979)). Here, the plaintiff's claims accrued in 2017 when the defendant declined to perform the surgery requested by the plaintiff (*see* doc. 1 at 5, 6–7). Applying the three-year statute of limitations, together with the federal standard for accrual, the plaintiff's § 1983 claims expired well before this action was filed by the plaintiff. As such, the instant matter is also subject to summary dismissal because it is time-barred.

### *Not a State Actor*

This action is also subject to summary dismissal because the defendant did not act under color of state law. It is well-settled that "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky*, 566 U.S. 377, 383 (2012). However, private conduct, no matter how discriminatory or wrongful, is not covered under § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–51 (1999). In distinguishing between state action and private action,

> The judicial obligation is not only to preserv[e] an area of individual freedom by limiting the reach of federal law and avoi[d] the imposition of responsibility on a State for conduct it could not control, but also to assure that constitutional standards are invoked when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains.

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks and citations omitted). State action may be found to exist "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* (internal quotations and citations omitted).

7

The United States Court of Appeals for the Fourth Circuit has identified several contexts in which private action may be found to constitute state action, such as "when the state has coerced a private actor to commit an act that would be unconstitutional if done by the state"; "when the state has delegated a traditionally and exclusively public function to a private actor"; "when the state has sought to evade a clear constitutional duty through delegation to a private actor"; or "when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *Andrews v. Fed. Home Loan Bank*, 998 F.2d 214, 217 (4th Cir. 1993). The critical inquiry in each case is whether the private actor's conduct was fairly attributable to the state. *Mentavlos v. Anderson*, 249 F.3d 301, 313 (4th Cir. 2001). "[T]he ultimate resolution of whether an actor was a state actor . . . is a question of law for the court." *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 344 n.7 (4th Cir. 2000). Here, even liberally construed, the amended complaint "includes no facts that establish such a 'close nexus' between [the defendant's] challenged actions and the state" such that the defendant's actions "may be 'fairly treated' as those of the state itself." *See Perry v. Chattem, Inc.*, C/A No. 7:08-cv-00106, 2008 WL 983428, at *4 (W.D. Va. Apr. 9, 2008). For example, although the plaintiff alleges that the defendant provided medical treatment for him in 2017 while he was a prisoner in the custody of SCDC, he concedes that the defendant was an employee at Prisma-Palmetto Health (not SCDC or any state entities) (doc. 1 at 5, 6–7). Indeed, the plaintiff has not alleged that the defendant traveled to the prison to treat the plaintiff or otherwise contracted with SCDC specifically to treat the plaintiff; instead, it appears the defendant treated the plaintiff at the Prisma-Palmetto Health hospital as part of his routine work for Prisma-Palmetto Health (*id*.). As such, even liberally construed, the plaintiff has failed to establish a 'close nexus' whereby the defendant's alleged private conduct is considered action by the state. As such, even if the plaintiff had brought his case into proper form, the instant matter

would still be subject to summary dismissal because the defendant is not a state actor for purposes of a § 1983 action (and the instant matter is time-barred).

## RECOMMENDATION

As noted above, the plaintiff has failed to comply with multiple court orders and the complaint is otherwise subject to dismissal for failure to state a claim (and as time-barred). Therefore, the undersigned recommends that the district court dismiss this action without prejudice, without leave to amend, and without issuance and service of process pursuant to Rule 41 of the Federal Rules of Civil Procedure.[1]  *See Britt v. DeJoy*, 45 F.4th 790, 2022 WL 3590436 (4th Cir. Aug. 17, 2022) (mem.) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the next page.**

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

August 9, 2024
Greenville, South Carolina

---

[1] The plaintiff is warned that if the United States District Judge assigned to this matter adopts this report and recommendation, the dismissal of this action for failure to state a claim could later be deemed a strike under the three-strikes rule. *See Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>250 East North Street, Room 2300
>Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).