IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jason Ray Franks, ) | Case No. 6:24-cv-03232-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Mark A. Jones, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 24.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin McDonald for pre-trial proceedings.

Plaintiff is a prisoner in the custody of the South Carolina Department of Corrections ("SCDC"), and he brings this action pro se. [Doc. 1.] He alleges his Eighth Amendment rights were violated when Defendant, who is a doctor with Prisma-Palmetto Health in Richland Memorial Hospital in South Carolina denied him medical care in 2017. [*Id.* at 4–7.] Plaintiff alleges that he needed surgery to remove an anchor bolt from his abdomen but that Defendant did not do so, causing Plaintiff injuries. [*Id.*] In this action, Plaintiff seeks money damages and an order requiring SCDC to send him for surgery to remove the bolt. [*Id.* at 7.]

On August 9, 2024, the Magistrate Judge issued a Report recommending that this action be summarily dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff has failed to bring the case

into proper form and, alternatively, for failure to state a § 1983 claim because Plaintiff's claim is time barred and he has not adequately alleged that Defendant is a state actor. [Doc. 24 at 4–9.]  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  [*Id*. at 10.]

On August 16, 2024, Plaintiff filed a document that the Court construes as a reply to an Order of the Court directing Plaintiff to bring the case into proper form and as objections to the conclusion in the Report that Plaintiff's claim was time barred.  [Doc. 26.] Plaintiff does not address the Magistrate Judge's conclusion that the Complaint fails to state a claim because it does not plausibly allege state action by Defendant.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

Regarding Plaintiff's objection concerning the statute of limitations, Plaintiff does not address the Magistrate Judge's analysis that the § 1983 claim is time barred because it accrued in 2017 [Doc. 24 at 6–7], and the Court agrees with the Magistrate Judge's analysis in any event.  Accordingly, Plaintiff's objection regarding the statute of limitations is overruled.  Moreover, as noted Plaintiff also does not address the Magistrate Judge's separate conclusion that Plaintiff fails to state a claim because he has not plausibly alleged that Defendant is a state actor.  [*Id.* at 7–9.]  The Court finds no clear error as to the latter conclusion.

Accordingly, for the reasons explained, the Court accepts the Report and Recommendation of the Magistrate Judge as modified and incorporates it by reference, with the exception of the recommendation that the case be dismissed for failure to prosecute.  Accordingly, this action is DISMISSED with prejudice.[*]

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

August 27, 2024
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[*] Plaintiff objects to the Magistrate Judge's determination that Plaintiff failed to bring the case into proper form and the Magistrate Judge's recommendation that the case be dismissed under Rule 41 for failure to prosecute. [Doc. 26.] Because the Court dismisses Plaintiff's case for failure to state a claim, the Court declines to address these other objections.